**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. KENDRA RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-17- 590-D |
| | ) | |
| 1. BILLINGSLEY FORD OF DUNCAN, LLC, | ) ) | JURY TRIAL DEMANDED ATTORNEY LIEN CLAIMED |
| | ) | |
| 2. BILLINGSLY FORD OF DUNCAN, INC., | ) ) | |
| | ) | |
| 3. EXPRESS SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Kendra Russell, an adult female resident of Grady County, Oklahoma.

2. The Defendants are:

    A. Billingsley Ford of Duncan, LLC, a domestic company doing business in Stephens County, Oklahoma;

    B. Billingsley Ford of Duncan, Inc., a domestic company doing business in Stephens County, Oklahoma; and,

    C. Express Services, Inc., a foreign company doing business in Stephens County, Oklahoma.

1

## JURISDICTION AND VENUE

3. Plaintiff's claims are for gender discrimination (including the creation of hostile working environment and retaliation after Plaintiff complained of discrimination) in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act (OADA).

4. Jurisdiction over the federal claims is vested in this Court under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), and 25 O.S. §§ 1101, *et seq*. The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(c).

5. All of the actions complained of occurred in Stephens County, Oklahoma, and the Defendants may be served in that county. Stephens County is within the Western District of the United States District Court of Oklahoma, and venue is appropriate in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. The Defendants, jointly and/or separately, employed at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Accordingly, the Defendants are covered employers under Title VII. There is no minimum employee requirement to be a covered employer under the OADA.

7. Defendant Express Services, Inc. ("Express"), identifies itself as Plaintiff's employer on her pay stubs and W-2 forms.  Defendant Express is a temporary

employment agency that contracts with Defendants Billingsley Ford of Duncan, LLC and Billingsley Ford of Duncan, Inc., to provide employees such as the Plaintiff.

8. Defendant Express placed the Plaintiff at the Billingsley Ford of Duncan, LLC location and Plaintiff worked for Billingsley Ford of Duncan, LLC, and was instructed on her day-to-day tasks and was supervised by employees of Billingsley Ford of Duncan, LLC.

9. Defendant Billingsley Ford of Duncan, Inc., to Plaintiff's current knowledge and belief, also employs the same employees as Billingsley Ford of Duncan, LLC, and is either an integrated enterprise with, or a successor in interest of, Billingsley Ford of Duncan, LLC.  The Billingsley Defendants will be hereinafter known as "Billingsley Ford".

10. For reasons including those set out in Paras. 7-9, above, Defendant Express is a joint employer with Defendants Billingsley Ford of Duncan, Inc. and Billingsley Ford of Duncan, LLC.  Accordingly, all named Defendants are jointly and/or separately liable for the claims asserted herein.

11. Around September 2015, Defendant Express assigned Plaintiff to work at Defendant Billingsley Ford of Duncan.

12. During her employment working at Billingsley Ford, the Plaintiff was subjected to a sexually hostile working environment by her supervisor, David Gammill[1] (Billingsley Ford Service Manager) including, but not limited to:

    A. Mr. Gammill would tell Plaintiff to show him (Gammill) her breasts;

    B. On a near daily basis Mr. Gammill would rub his body against the Plaintiff without her consent, including pressing his groin against the Plaintiff;

    C. On a near daily basis Mr. Gammill made sexual jokes and comments to the Plaintiff, including comments about his penis, speculation as to the color of Plaintiff's pubic hair, and speculation as to how Plaintiff performs sexually.

    D. On a near daily basis Mr. Gammill would stare at the Plaintiff in an obvious and lascivious manner, telling the Plaintiff he "can't stop looking" at her.

13. The conduct discussed above was unwanted and both offensive to the Plaintiff and objectively offensive.

14. Beginning around March 2016, Plaintiff complained of the sexual harassment to Jill (last name unknown) (Supervisor of Defendant Express). Also in March 2016, Plaintiff complained of the sexual harassment to the Defendants, including to Jim Kerr (Parts Manager for Billingsley Ford).

15. Neither Defendants Express or Billingley Ford took action to stop the sexual harassment, which continued up until the Plaintiff was terminated.

---

[1] Spelling is approximate and based on Plaintiff's current knowledge and belief.

4

16. Plaintiff reported the sexually harassing conduct including making a complaint to Ken Harris (General Manager of Billingsley Ford) around April 13, 2016.

17. Plaintiff was terminated from Billingsley Ford around April 15, 2016 by Kathy Stone (Accounting Supervisor for Billingsley Ford).

18. During the termination meeting, Plaintiff asked for the reason she was being terminated. In response, Ms. Stone told Plaintiff she was instructed to terminate the Plaintiff by "upper management". Other than this statement, no reason was given for Plaintiff's termination.

19. Defendant Express stopped assigning Plaintiff at places of employment, telling Plaintiff that there were no jobs available. However, Defendant continued to assign other employees to jobs for which the Plaintiff would have been qualified.

20. As a direct result of Defendants' conduct, the Plaintiff has suffered (and continues to suffer) wage loss (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm including worry, frustration, sadness, and similar unpleasant emotions.

21. At the least, significant factors in the decision to terminate the Plaintiff was her gender and/or her complaints of gender discrimination.

22. Defendant Express is liable because it failed to prevent Plaintiff from being subjected to a sexually hostile working environment at a work location at which it placed the Plaintiff, failed to prevent the discriminatory and retaliatory termination and further retaliated against the Plaintiff for complaining of discrimination by

refusing to place Plaintiff in other employment opportunities while giving those opportunities to persons who did not complain of sexual harassment.

23. Plaintiff has exhausted her administrative remedies by timely filing EEOC charges of discrimination on May 2, 2016. The EEOC issued Plaintiff her right to sue letters on April 4, 2017 and Plaintiff received such letters thereafter. This complaint is timely filed within ninety (90) days of Plaintiffs' receipt of her right to sue letters.

24. Creation of a sexually hostile working environment, and retaliation against Plaintiff for complaining of sexually harassing conduct, violates Title VII and the OADA.

25. Under Title VII and the OADA the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

26. Because the conduct of the Defendants was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages under Title VII.

27. Plaintiff is entitled to liquidated damages under the OADA without an additional showing of willfulness or recklessness.

28. Plaintiff is also entitled to an award of attorney fees and costs.

## **PRAYER**

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered together with all

damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 25th DAY OF MAY, 2017**.

                          HAMMONS, GOWENS, HURST
                          & ASSOCIATES

                          s/ Amber L. Hurst
                          Mark E. Hammons, OBA No. 3784
                          Amber L. Hurst OBA No. 21231
                          Leah M. Roper, OBA #32107
                          325 Dean A. McGee Avenue
                          Oklahoma City, Oklahoma 73102
                          Telephone: (405) 235-6100
                          Email: Amber@hammonslaw.com
                          *Counsel for Plaintiff*
                          JURY TRIAL DEMANDED
                          ATTORNEY LIEN CLAIMED